## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID J. TACEY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 15-9094-KHV** |
| NANCY A. BERRYHILL, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

David J. Tacey appealed the final decision of the Commissioner of Social Security to deny disability benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401 et seq. On March 10, 2017, pursuant to the fourth sentence of 24 U.S.C. § 405(g), the Court entered judgment reversing the Commissioner's decision and remanding the case for further proceedings. Judgment In A Civil Case (Doc. #17). On September 22, 2017, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), the Court awarded plaintiff attorney's fees in the amount of $5,354.79. Memorandum And Order (Doc. #22). This matter comes before the Court on plaintiff's Motion For Attorney Fees Pursuant To Section 206(b) Of The Social Security Act, 42 USC § 406(b) (Doc. #23) filed June 11, 2018.

## Background Information

As noted, the Court previously entered judgment reversing and remanding the Commissioner's decision and awarded attorney's fees under the EAJA in the amount of $5,354.79. Memorandum And Order (Doc. #22).

On remand, the Social Security Administration decided the case partially in favor of plaintiff. See Motion For Attorney Fees (Doc. #23) at 1 and Exhibit B thereto. Specifically, the Social

Security Administration found that plaintiff had been disabled since May 16, 2013 and awarded past-due benefits in the amount of $99,167.00. See id. From past-due benefits, i.e. $99,167.00, the Social Security Administration withheld 25 per cent, i.e. $24,791.75.[1] See Motion For Attorney Fees (Doc. #23), Exhibit B. From funds withheld, i.e. $24,791.75, the Social Security Administration authorized payment of $6,000.00 to plaintiff's counsel for representation before the Commissioner,[2] leaving a balance of $18,791.75 in withheld funds.[3] See Motion For Attorney Fees (Doc. #23) at 2 and Exhibit C thereto.

### **Legal Standards**

Attorneys handling social security cases in court may seek fees under both the EAJA and the SSA. See McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006). The statutes provide two different types of fee awards which the court determines separately. See id. (citing Frazier v. Apfel, 240 F.3d 1284, 1286 (10th Cir. 2001)). Under the EAJA, unless it finds that the government's position was "substantially justified" or that special circumstances make an award unjust, the Court may award fees based on a statutory maximum hourly rate of $125.00. 28 U.S.C. § 2412(d). Fees awarded under the EAJA penalize the Commissioner for assuming an unjustified legal position and

---

[1] The record is unclear regarding the exact amount of past due benefits awarded to plaintiff. The SSA withheld $24,791.75, which is 25 per cent of $99,167.00 ($99,167 multiplied by .25 equals $24,791.75). Counsel asserts that total past due benefits amounted to $99,884.00, see Motion For Attorney Fees (Doc. #23) at 1, but the Court cannot find that amount listed on Exhibit B. Counsel asserts that the SSA withheld $24,971.75, see Motion For Attorney Fees (Doc. #23) at 1, but that amount appears to contain a typographical error. See Exhibit B at 3 ($24,791.75 withheld).

[2] Section 406(a) authorizes the Commissioner to approve attorney's fees for representation in proceedings before the Commissioner. See 42 U.S.C. § 406(a).

[3] The total fund withheld ($24,791.75) minus $6,000.00 to plaintiff's counsel for representation before Commissioner equals $18,791.75,

are paid from agency funds. See McGraw, 450 F.3d at 497 (citing Orner v. Shalala, 30 F.3d 1307, 1309 (10th Cir. 1994)); 28 U.S.C. § 2412(d)(1)(A) (EAJA fee awarded to prevailing party). As such, the government may offset fees awarded under the EAJA to satisfy a claimant's pre-existing debt to the government. See Astrue v. Ratliff, 560 U.S. 586, 589 (2010).

Under the SSA, the Court awards fees out of past-due benefits to satisfy a client's obligation to counsel. See 42 U.S.C. 406(b)(1)(A);[4] McGraw, 450 F.3d at 497. In awarding fees under the SSA, the Court exercises discretion. Gordon v. Astrue, 361 F. App'x 933, 935 (10th Cir. 2010). The Court determines such fees based on reasonableness, with a statutory maximum of 25 per cent of past due benefits. See id. The Court may determine a reasonable fee based on a lodestar calculation[5] or a contingency fee agreement between the attorney and client. See Gisbrecht v. Barnhart, 535 U.S. 789, 799-800 (2002).[6] SSA fees are paid directly to counsel. See McGraw, 450

---

[4] Section 406(b) states, in part, as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

[5] The Court calculates the lodestar amount by multiplying the hours which counsel reasonably spent on the litigation by a reasonable hourly rate. See Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).

[6] In Gisbrecht, the Supreme Court found that Section 406(b) does not exclude contingent fee contracts that produce fees within the statutory ceiling. 535 U.S. at 800. The Court
(continued...)

F.3d at 497; 42 U.S.C. § 406(b)(1) (SSA fee paid out of past due benefits). If counsel receives fees under both the EAJA and the SSA, counsel must refund the smaller amount to plaintiff. See McGraw, 450 F.3d at 497-98 (citing Gisbrecht, 535 U.S. at 796; Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986)).

**Analysis**

Under the SSA, 42 U.S.C. § 406(b)(1)(A), counsel asks the Court to authorize attorney's fees in the full amount of remaining withheld funds, i.e. $18,791.75. See Motion For Attorney Fees (Doc. #23) at 6.[7] Section 406(b) limits attorney fee awards to 25 per cent of the total past due benefits to which claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In addition, the fee must be reasonable. Id. In Gisbrecht, the Supreme Court found that although Section 406(b) does not displace contingency fee agreements between plaintiffs and their counsel, the statute "calls for court review of such arrangements to assure that they yield reasonable results in particular cases." 535 U.S. at 807. When evaluating reasonableness of a contingency fee, the Court considers whether (1) the character of the representation and the results it achieved were substandard; (2) the attorney is responsible for delay that causes disability benefits to accrue during the pendency of the case in court; and (3) the benefits are large in comparison to the amount of time counsel spent on the case. Gordon v. Astrue, 361 F. Appx. 933, 934 (10th Cir. 2010) (quoting Gisbrecht, 535 U.S. at 808).

Here, the Court finds that the amount of past due benefits is large in comparison to the

---

[6](...continued)
noted that the statute requires courts to review such agreements as an "independent check" to ensure that they yield reasonable results in particular cases. Id. at 807.

[7] The Court has adjusted the amount requested to account for counsel's typographical error regarding the amount of funds withheld, i.e. $24,791.75, not $24,971.75.

amount of time counsel spent on the case. Counsel recorded 35.05 hours of work on the case. See Motion For Attorney Fees (Doc. #23), Exhibit D at 4-6. To award the total amount requested, i.e. $18,791.75, would result in an effective hourly rate of $536.14.[8] In other social security cases, the court has approved reasonable attorney's fees in the range of $258.00 to $418.00 per hour. See Boyer v. Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (citing cases with reasonable hourly fees ranging from $258 to $418); Duff v. Colvin, 13-2466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (hourly fee of $358.50 reasonable). Counsel mistakenly asserts that because counsel will return to plaintiff the EAJA fee, the effective hourly rate would be $388.50. See Motion For Attorney Fees (Doc. #23) at 6. The fact that counsel must return the EAJA fee, however, does not change the fact that counsel would receive a total of $18,791,75 in attorney's fees, i.e. $536.14 per hour. On this record, the Court finds that hourly fee of $388.50 is reasonable. Calculated by the total number of hours spent, i.e. 35.05 hours, the Court awards a total of $13,616.93 in attorney's fees.[9]

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Attorney Fees Pursuant To Section 206(b) Of The Social Security Act, 42 USC § 406(b) (Doc. #23) filed June 11, 2018 is **SUSTAINED in part**. Under 42 U.S.C. § 406(b), plaintiff's attorney, Sharon J. Meyers, is entitled to fees in the amount of $13,616.93. The Commissioner shall pay those fees from the amount which she is holding from plaintiff's past due benefits. The Commissioner shall pay to plaintiff any remainder of withheld benefits.

---

[8]     $18,791.75 divided by 35.05 equals $536.14.

[9]     $388.50 per hour multiplied by 35.05 hours equals an attorney's fee of $13,616.93.

**IT IS FURTHER ORDERED** that counsel shall return to plaintiff the amount of fees received under the EAJA, i.e. $5,354.79.

Dated this 8th day of August, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge